# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2011

No. 10-60912
Summary Calendar

Lyle W. Cayce
Clerk

JIAN DONG,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 802 979

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jian Qing Dong, a native and citizen of China, petitions *pro se* for review of an order from the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's (IJ) order, following remand by the BIA, denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Although Dong conceded removability, as an alien not in possession of a valid entry document at the time of her application for admission into the United States, she sought relief from removal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the grounds that she was physically abused by her father and was unable to leave the abusive familial relationship because she was unmarried and had no money.

Because the BIA did not expressly adopt the IJ's opinion, only the decision of the BIA is reviewed. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). The BIA's rulings of law are reviewed *de novo*; its findings of fact, for substantial evidence. *E.g.*, *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). The substantial- evidence standard is applied in reviewing factual determinations for asylum, withholding of removal, and relief under CAT. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005). The BIA's decision must "be based upon the evidence presented and be substantially reasonable". *Kane v. Holder*, 581 F.3d 231, 236 (5th Cir. 2009) (citation and internal quotation marks omitted). "[R]eversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it". *Chen*, 470 F.3d at 1134 (citation and internal quotation marks omitted) (emphasis in original).

Dong asserts she is entitled to asylum and withholding of removal because she has demonstrated past persecution and "a well-founded fear of future persecution". She asserts she is entitled to relief under CAT because: she was abused by her father; domestic abuse is not criminalized by the Chinese government; and it is unwilling or unable to control her father's abusive behavior.

The United States Attorney General and the Secretary of Homeland Security have the discretion to grant asylum to a refugee; that term includes a person outside her country of nationality who is unable to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 C.F.R. §§ 1158(b)(1)(A), 1101(a)(42)(A). An applicant found to be a refugee based on past persecution is also "presumed to have a well-founded fear of

persecution". *Id.* § 1208.13(b)(1). That presumption may be rebutted, however, if the Government establishes, by a preponderance of the evidence, that "the applicant could avoid future persecution by relocating to another part of [her] country . . . and under all the circumstances, it would be reasonable to expect the applicant to do so". *Id.* § 1208.13(b)(1)(i)(B), (b)(1)(ii). Factors considered in determining whether internal relocation is reasonable include, *inter alia*, the country's economic infrastructure as well as "social and cultural constraints, such as age, gender, health, and social and family ties". *Id.* § 1208.13(b)(3). Such factors "are not necessarily determinative of whether it would be reasonable for the applicant to relocate". *Id.*

For withholding of removal, Dong must "demonstrate a clear probability of persecution if returned to [her] home country", based on one of the five categories for asylum. *Zhang*, 432 F.3d at 344 (citation and internal quotation marks omitted). "Withholding of removal is a higher standard than asylum." *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Thus, if Dong does not meet the standard for asylum, she can not meet the higher standard for withholding of removal. *Id.*

The BIA's affirming the denial of asylum and withholding of removal is supported by substantial evidence, and Dong has failed to show that the evidence compels a contrary conclusion. *See Chen*, 470 F.3d at 1134. The BIA agreed with the IJ's finding that: the Government had successfully rebutted the presumption that Dong had a well-founded fear of persecution; and it was not unreasonable for Dong to relocate within China to avoid persecution by her father. Although life as single woman in China may be difficult given the social and cultural norms, the BIA found that Dong had demonstrated an ability to live alone as an independent adult.

Regarding the CAT claim, although it is unclear whether Dong has failed to exhaust "all administrative remedies" with respect to that claim, *see* 8 U.S.C. § 1252(d)(1), Dong has failed to demonstrate that she would be entitled to relief

under CAT.  To obtain such relief, Dong, *inter alia*, "must show that it is more likely than not that [she] would be tortured if returned to [her] home country". *Zhang,* 432 F.3d at 344 (citation and internal quotation marks omitted); *see also* 8 C.F.R. § 1208.16(c)(2).  In assessing the likelihood of torture, "all evidence relevant to the possibility of future torture shall be considered, including, but not limited to . . . [e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured".  8 C.F.R. § 1208.16(c)(3). As discussed above, and as the BIA found, Dong has failed to show she is unable to relocate to another part of the country where her father could not harm her, and the record does not compel a conclusion that she is entitled to relief under CAT.

Finally, Dong has waived two issues by failing to brief them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  The BIA concluded that humanitarian asylum was not warranted because even if Dong had suffered past persecution—an issue which the BIA did not reach—that persecution was not so severe as to warrant relief.  Dong does not challenge the BIA's finding nor does she contend that the abuse was so severe or atrocious that humanitarian asylum should have been granted.  Dong also fails to address the BIA's denial of her motion to remand, which the BIA construed as a motion to reopen, based on her involvement with Falun Gong.

DENIED.